**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BULLITT UTILITIES, INC. | )   CASE NO. 15-34000(1)(7) |
| | ) |
| Debtor | ) |

**MEMORANDUM-OPINION**

This matter is before the Court on the Application Pursuant to 11 U.S.C. §§ 327 and 328 and Bankruptcy Rule 2014(a) for an Order Authorizing Robert W. Keats, Chapter 7 Trustee to Employ Bingham, Greenebaum, Doll, LLP as Special Counsel, *Nunc Pro Tunc*, as of May 1, 2016 (hereinafter "the Application"). The Court considered the Application, the Objection to the Application filed by the United States Trustee, Charles R. Merrill ("UST"), the Objection to the Application filed by Interested Party Bullitt County Sanitation District ("BCSD"), the Reply to the Objections filed by the Chapter 7 Trustee, Robert W. Keats ("Trustee") and the comments of counsel for the parties held at the hearing on the matter. For the following reasons, the Court will **GRANT** the Application. An Order accompanies this Memorandum-Opinion.

**PROCEDURAL AND FACTUAL BACKGROUND**

On December 18, 2015, two of the largest unsecured Creditors of Debtor Bullitt Utilities, Inc. ("Debtor"), Veolia Water Technologies, Inc. ("Veolia") and Perdue Environmental Contracting, Co., Inc., ("PECCO") filed a Chapter 7 Involuntary Petition against Debtor. Veolia and PECCO were represented by attorney James R. Irving with the law firm Bingham, Greenebaum, Doll, LLP ("BGD").

On December 29, 2015, the Court entered an Order granting Veolia and PECCO's Emergency Motion to Appoint a Trustee.

On December 29, 2015, the UST entered a Notice of Appointment appointing Robert W. Keats as the Chapter 7 Trustee in the case.

On January 20, 2016, the Order for Relief was entered.

On February 18, 2016, the Court entered an Order granting the Trustee's Application to Employ his law firm, Keats & Schwietz, PLLC to act as attorney for the Trustee and the bankruptcy estate.

On June 15, 2016, the Trustee filed the Application.

On July 5, 2016, the UST filed its Objection to the Application.

On July 6, 2016, BCSD filed its Objection to the Application.

On July 22, 2016, the Trustee filed his Reply to Objection to the Application.

## LEGAL ANALYSIS

The Trustee seeks an Order approving the employment of BGD as Special Counsel, *nunc pro tunc*, as of May 1, 2016. The Trustee seeks the Order pursuant to 11 U.S.C. §§ 327 and 328 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. The Application indicates that BGD will serve to represent the Trustee and Bullitt Utilities in asserting three matters;

1. The Surcharge Claim on behalf of the Debtor's estate before the Public Service Commission;

2. Any causes of action held by Debtor against BCSD; and

3. Any causes of action held by Debtor's estate against the Officers and Directors of Bullitt Utilities.

BGD had previously represented Veolia in all matters related to its debt owed by Debtor, including Bullitt Utilities' request for a surcharge before the PSC. The purpose of the surcharge was to pay creditors, such as Veolia and PECCO, who had provided emergency services to the Debtor following a catastrophic failure at Debtor's Hunters Hollow Wastewater Treatment Facility.

BGD's engagement letter with the Trustee sets forth the manner in which BGD will be compensated. In essence, BGD will recover a contingency fee and a flat fee on monies recovered by the bankruptcy estate. BGD will be entitled to a contingent fee of 40% for any recoveries of assets from BCSD or Debtor's Officers and Directors or any other source, except funds recovered for the estate from the surcharge case or other rate increases from Debtor's customers. These fees are capped on the recoveries at $1,100,000. The contingency fee percentage increases by 5% should there be any appeals.

BGD will also receive a flat fee of $75,000 for any services it renders in connection with the surcharge case from funds recovered for the estate.

BGD will advance all expenses, with such expenses reimbursed from any recoveries prior to the recoveries being distributed to any other party.

The final form of compensation for BGD is set forth in the Engagement Letter as follows:

> BGD's current clients, Veolia Water Technologies, Inc. formerly known as Veolia Water Solutions & Technologies North America, Inc. and Purdue Environmental Contracting Company, Inc. ("PECCO") have agreed to compensate BGD at 30% of its hourly rate and to advance any expenses for any matters in which BGD represents the Trustee and BU's bankruptcy estate. Veolia and PECCO will be entitled to reimbursement of any fees paid or costs advanced to BGD for money paid to BGD from BU's bankruptcy estate before BGD recovers any additional sums.

*See*, Engagement Letter at p. 2, attached as Exhibit 2 to the Application.

The UST objected to the Application because at the time the Application was filed, BGD continued to represent Veolia and PECCO. The provision in the Application providing for payment of 30% of BGD's hourly rate by third-party payors, namely Veolia and PECCO, created an actual conflict of interest whereby BGD would be representing the Trustee of the bankruptcy estate, while receiving a portion of its fees, from another client, both of whom filed Proof of Claims against the estate. This arrangement created a clear scenario where BGD's loyalties could be called into question.

In an effort to resolve this conflict, BGD, in its Reply, filed Declarations from Representatives of Veolia and PECCO, indicating that BGD no longer represents Veolia and PECCO, that going forward, BGD would represent only the Debtor's bankruptcy estate and take direction only from the Trustee regarding the three matters it is engaged to pursue. The representatives confirmed their understanding of this arrangement and that they would execute a Common Interest Agreement to protect confidential information as they coordinate their efforts with the Trustee. BGD contends these changes resolve the existence of any actual conflicts.

The Trustee seeks approval of BGD's employment as Special Counsel under 11 U.S.C. § 327. This statute provides,

> . . . the trustee, with the court's approval, may employ one or more attorneys, . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duty under this title.

11 U.S.C. § 327(a).

Section (c) of the statute provides,

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the

> United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Section (c) of the statute clearly allows the employment and BGD is not disqualified solely due to its prior representation of Veolia and PECCO. The issue before the Court is whether an actual conflict exists, based on BGD's prior representation of Veolia and PECCO and the third-party payor portion of the fee agreement.

The Exhibits to the Application establish that BGD has fulfilled the requirements under Bankruptcy Rule 2014(a) that BGD is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code, that they do not represent an interest adverse to the estate and are disinterested persons capable of representing or assisting the Trustee in carrying out his duties pursuant to 11 U.S.C. § 327. Since the Trustee seeks to hire BGD for those specified purposes set out in the Application, rather than for all purposes, the applicable section of the Code is 11 U.S.C. § 327(c). Something more than the mere fact of dual representation must be shown if there is to be disapproval of the employment pursuant to this subsection. The term "actual conflict" is not defined in the Bankruptcy Code, but courts have generally applied a factual analysis to determine whether an actual conflict of interest exists.

The court in *In re Midway Motor Sales*, 355 B.R. 26 (Bankr. N.D. Ohio 2006), stated that an interest adverse to the estate pursuant to Section 327(a) is the same as an actual conflict of interest pursuant to § 327(c). The *Midway Motor Sales* court's analysis was as follows:

> An actual conflict exists if there is 'an active competition between two interests, in which one interest can only be served at the expense of the other.' In re BH&P, Inc., 103 B.R. 556, 563 (Bankr. D. N.J. 1989), aff'd in pertinent part, 119 B.R. 35 (D. N.J. 1990). 'As a general principle, professional persons employed by the trustee should be free of any conflicting interest which might, in the view of the trustee or the bankruptcy court, affect the performance of their services or which might impair the high degree of impartiality and detached judgment expected of them during the

>administration of the case.' *In re Amdura Corp.*, 121 B.R. 862, 865 (Bankr. D. Colo. 1990), quoting *Collier on Bankruptcy* ¶327.03 (1985).

*Id.* at 58-59.  In employing this test the Court considers the interplay of the parties, pleadings and the record set forth in the proceeding. *Id.* Here, there is no competition between two interests where one party's interest would be served at the expense of the other.

When the interest for which a special counsel is retained and the interest of the estate are identical, there is no conflict of interest and the representation may be approved.  *In re Peters Contracting, Inc.*, 301 B.R. 857, 860 (Bankr. N.D. Tenn. 2003).  *See also*, *Aro CHEM Corp.*, 176 F.3d 610, 622 (2d Cir. 1999).  When a trustee seeks to appoint counsel as "special counsel" for a specific purpose, there need only be no conflict between the trustee and the attorney's creditor/client on the specific matter.  *In re M. T. G., Inc.*, 298 B.R. 310, 318 (E. D. Mich. 2003).  In this case, there is no conflict between the Trustee and BGD's representation of its former clients, Veolia and PECCO, on the matters for which BGD will be employed.  Their interests are the same – – both want to maximize the estate's recoveries under the claims to be pursued by BGD.  Since the Court finds their interests are aligned, there is no actual conflict in BGD's employment under the terms proposed.

The estate's resources available to pay counsel for the Trustee are extremely limited. Without the fee arrangement proposed in the Application, the Debtor's hope for recovery on the causes of action set forth in the Application will fail.  BGD, due to its prior representation of Veolia, is uniquely situated to handle the causes of actions referenced in the Application.

By no longer representing Veolia and PECCO, as outlined in the Reply of the Trustee and the Exhibits filed therewith, the UST has only one remaining objection to the Application.  The UST still objects to that portion of the fee structure whereby Veolia and PECCO will pay BGD 30% of

-6-

its attorney's fees and advance any expenses incurred by BGD subject to their right to be reimbursed by the Debtor's estate. The case relied upon by BGD for support to its claim that compensation from a third party is not a per se conflict of interest, *In re Metropolitan Environmental, Inc.*, 293 B.R. 871 (Bankr. N.D. Ohio 2003), sets forth the considerations a court should take into account in approving such an arrangement. These considerations include careful scrutiny by the court to ensure that it is reasonable, that it was negotiated in good faith, and that it was necessary as a means of ensuring the engagement of competent counsel. *Id.* at 884, citing *In re Kelton Motors, Inc.*, 109 B.R. 641 (Bankr. D. Vt. 1989).

The *Kelton Motors* court listed 5 factors to be considered. Those are (1) that the arrangement be fully disclosed to the debtor/client and the third party payor; (2) the debtor must give express consent to the arrangement; (3) the third party payor must retain independent counsel and understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client; (4) the contractual arrangement concerning fees must be fully disclosed to the court at the outset of the bankruptcy retention; and (5) the debtor's attorney-applicant must demonstrate to the court's satisfaction the absence of facts that would otherwise create non-disinterestedness, actual conflict or impermissible potential for a conflict of interest. *Id.* at 658. Considering the objective to be achieved by the matters for which BGD will be retained, as well as the full disclosure set forth in the Declarations of the Veolia and PECCO representatives, the factors weigh in favor of granting the Application.

The court in *Metropolitan*, denied the proposed employment. However, the circumstances of this case are different than those presented in *Metropolitan*. Here, the third party payors' interests and the estate's interests are the same. The Court finds the terms reasonable, considering the ends

sought to be achieved and that the terms were negotiated in good faith.  Without the agreement, there are no other means of ensuring the estate's representation by knowledgeable, competent counsel.  The equitable considerations weigh heavily in favor of approving the Application.

The Application, however, requests *nunc pro tunc* approval as of May 1, 2016.  The declarations of the representatives of Veolia and PECCO, were executed on July 21, 2016.  The Court notes that the original Application was filed by the Trustee on June 15, 2016 and drew substantive objections by the UST on July 5, 2016.  The Trustee's Reply filed on July 23, 2016 outlined substantive changes to the terms of employment in order to resolve the UST's objections.  The Court believes without these changes the Application could not be approved.  Since BGD no longer actively represents Veolia and PECCO and the execution of a common interest agreement by the parties, any actual conflict was resolved.  Therefore, the Court can only approve the Application as of July 21, 2016, rather than as of May 1, 2016.

BCSD also filed an Objection to the Application.  BCSD, however, is not listed as a creditor on the Debtor's Schedules, nor has it filed a proof of claim in this case.  In bankruptcy, to have standing, a person must have a pecuniary interest in the outcome of the bankruptcy proceeding.  *In re Cult Awareness Network, Inc.*, 151 F.3d 605 (7th Cir. 1998), cited in *In re Teknek, LLC*, 394 B.R. 884, 888 (Bankr. N.D. Ill. 2008).  " . . . absent a conflict of interest, it makes no sense that a non-debtor or non-creditor party may interfere with a bankruptcy trustee's wide latitude to hire the counsel of its choice in pursuing a claim against that party." *Id.* at 889.  At this stage, it appears that BCSD has no standing to object to the Application.

Additionally, considering the fact that BCSD voluntarily dismissed the surcharge case and that one of the matters for which the Trustee seeks to employ BGD is to explore potential causes of

action against BCSD, the motivation behind its objection is clear.  The Court does not find the proposed fee arrangement as post-petition financing subject to 11 U.S.C. § 364.  Any objections based on alleged conflicts raised in BCSD's Objections are meritless and overruled.

## CONCLUSION

For all of the above reasons, the Application for an Order Authorizing Robert W. Keats, Chapter 7 Trustee, to Employ Bingham, Greenebaum, Doll, LLP as Special Counsel, *Nunc Pro Tunc*, as of May 1, 2016, is **GRANTED IN PART AND DENIED IN PART** as set forth in the accompanying Order.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  September 16, 2016

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BULLITT UTILITIES, INC. ) | CASE NO. 15-34000(1)(7) |
| ) | |
| Debtor ) | |

## ORDER

Pursuant to the Memorandum-Opinion attached hereto and incorporated herein by reference, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application of Robert W Keats, Chapter 7 Trustee, to Employ Bingham, Greenebaum, Doll, LLP as Special Counsel, *Nunc Pro Tunc*, as of May 1, 2016, be and hereby is, **GRANTED IN PART AND DENIED IN PART**. The Trustee is authorized to employ Bingham, Greenebaum, Doll, LLP as his Special Counsel in this bankruptcy case on the terms set forth in the Application and attached Engagement Letter.

Bingham, Greenebaum, Doll, LLP shall be compensated for its services and reimbursed for any related expenses as set forth in the Application and the Engagement Letter. Provided, however, Bingham, Greenebaum, Doll, LLP shall submit fee applications and receive approval of its fees by order of the Bankruptcy Court before the Trustee may make any payments to BGD.

BGD shall be compensated accordingly as of July 21, 2016.

The Trustee is authorized to take all actions necessary to implement the relief granted pursuant to this Order.

The Court shall retain jurisdiction to hear and determine all matters arising from this Order.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 16, 2016